**EVANS, Plaintiff-Appellant, v. EVANS, Defendant-Appellee**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23472. Decided June 22, 1955.

Francis J. Kmiecik, Cleveland, for plaintiff-appellant.
Dale D. Rubenstein, Cleveland, for defendant-appellee.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, MIDDLETON, J, of the Third District, sitting by designation in the Eighth District.)

**OPINION**

Per CURIAM:

In 1946 by decree of the Court of Common Pleas, the parties in this action were divorced and custody of their minor child was given to the mother. The father was ordered to pay the mother $10.00 per week for the child's support. In the present action, the mother seeks to have the arrearage claimed due under said order reduced to judgment. Upon hearing of this motion, the father proffered testimony of an agreement he claimed was entered into with the mother by the terms of which he was relieved from paying the amount ordered to be paid for support of their child. The trial court refused to permit the father to offer testimony relating to such an agreement.

The sole question presented is whether the trial court was in error in refusing to allow testimony concerning this agreement.

We believe the law on this question well settled. It is the duty of

30

a father to support his minor child and this duty he owes to the State. From this duty owed to the State, he cannot relieve himself by contract with the mother. (Bowen v. State, 56 Oh St 235.) However, as between himself and the mother, he can, by agreement, relieve himself from liability to the mother for payment for the support of their child.

"An agreement between a father and a mother (formerly husband and wife) of a minor child, whereby the father, for a valuable consideration, is released from his obligation under the decree of divorce to support such child, is valid as between the parties, and the mother cannot, while such agreement is in effect, recover from the father the unpaid installments of such support award."

Bidinger v. Bidinger, 89 Oh Ap 274.

We hold the Court erred in refusing to permit the father to offer testimony of such agreement.

For this error the judgment of the Court below is reversed.

Judgment reversed. Exceptions. Order see journal.

HUNSICKER, PJ, DOYLE, J, MIDDLETON, J, concur.