HALL, APPELLANT, *v.* HALL, APPELLEE.

(No. 650—Decided May 15, 1956.)

Mr. Emory F. Smith, for appellant.
Mr. Aronhold C. Schapiro, for appellee.

COLLIER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Scioto County overruling plaintiff's motion to dismiss the motion of the defendant, filed in this cause in a subsequent term at which judgment was rendered, to open and modify the judgment. There is no bill of exceptions, but the pleadings and docket and journal entries disclose the following steps in the procedure of this cause:

On September 30, 1953, while case No. 40543, a divorce case, in which the appellee herein was plaintiff and the appellant herein was defendant, was pending, the appellant instituted the instant case, being cause No. 41404 in the Common Pleas Court. The appellant was a minor, and the action was brought through her mother and next friend, Louella Emmonds. The petition alleged that there was a minor child then 20 months of age, the issue of the marriage, and prayed for divorce and restoration of the former name of the plaintiff. On November 5, 1953, the defendant, appellee herein, filed his answer and cross-petition, merely praying for divorce and the dismissal of plaintiff's petition. Neither party sought an order relative to the care and custody of the child. On September 13, 1954, Emory F. Smith, who was plaintiff's attorney, was appointed as guardian ad litem for the minor plaintiff and filed an answer in the nature of a general denial. On April 13, 1954, the court granted a divorce to the defendant on his cross-petition and dismissed the petition of the plaintiff. The divorce decree is silent as to any provisions about the custody, care and support of the minor child of the parties. On July 7, 1955, the defendant filed a motion in this cause which reads:

"Now comes the defendant and says that at the trial of this cause heretofore held, a divorce was granted to the defendant herein on his cross-petition, but that no disposition was made as to the custody of Martie Lane Hall, minor child of said parties.

"That the best interests of said minor require that the question of care, custody and control be determined.

"Wherefore, this defendant moves the court that a date be

fixed for a hearing on this motion, and that the court decide and determine who shall have the care, custody and control of said minor child.''

Notice of the filing of the motion was given to the plaintiff fixing the date of hearing on August 15, 1955, on which date she appeared at the hearing with her attorney, and the matter was continued. Thereafter, on September 13, 1955, the plaintiff, through her attorney, who was also her guardian ad litem, filed a motion to dismiss appellee's motion above quoted, claiming that the court was without jurisdiction to entertain said motion. The motion to dismiss was overruled, and, on September 14, 1955, custody of the child was awarded to defendant. A motion for a new trial was filed on September 28, 1955, and was overruled.

It will be observed that the divorce decree was entered on September 13, 1954, and no disposition was made as to the care and custody of the child. After the expiration of three terms of court, on July 7, 1955, defendant filed his motion to have the court open the case and decide and determine the custody and control of the child. The question presented is whether the trial court had jurisdiction to entertain and act upon this motion. It is held in *Jelm* v. *Jelm*, 155 Ohio St., 226, 98 N. E. (2d), 401, 22 A. L. R. (2d), 1300, that Section 11631, General Code, now Section 2325.01, Revised Code, applies in an action for a divorce and empowers the Common Pleas Court to vacate its own judgment of divorce after the term at which it was rendered.

31 American Jurisprudence, 273, Section 727, reads as follows:

''The general rule is that in the absence of the applicability of a statutory or constitutional provision to the contrary, a court loses control of its judgments at the end of each term, and that with the expiration of the term of the rendition of a judgment, there expires the authority to vacate or *to open* or modify a judgment, even though the application for relief would have been granted if made during the term of the rendition of the judgment.'' (Emphasis added.)

23 Ohio Jurisprudence, 1153, Section 1022, reads:

''The power of courts to vacate or modify their final judg-

ments after the term in which they were rendered is controlled by these statutes, and the vacation or modification must be in strict conformity thereto.''

Section 2325.01, Revised Code, which grants authority to the court to vacate or modify its judgments after term, sets forth ten different situations when a court may exercise such authority, none of which is claimed to exist in the instant case. And, therefore, defendant is not entitled to the benefit of this statute.

Defendant contends that, since this is a divorce case where there is a minor child of the parties involved, the court has continuing jurisdiction to open the case and modify or amend its former judgment at any time. With this contention we are unable to agree for the reason no disposition concerning the custody and care of the child was sought in the pleadings or made in the divorce decree, and such action, in our opinion, is necessary in order to give the court continuing jurisdiction in a divorce case. The policy of the courts is to bring an end to litigation when it is possible to do so and not hold a case open for future action. There should always be as much finality as possible in the judgment or decree of the court, not only for the benefit of the parties and the court, but also for the public and any third parties who may have to look at the records for guidance in dealing with the litigants. The defendant, appellee herein, is not without remedy and may pursue several different courses to determine the proper custody of his child.

Our conclusion is that the only authority a court has to vacate, open or modify a judgment at a term subsequent to that in which the judgment was rendered is controlled by Section 2325.01, Revised Code, except in cases in which the nature of the judgment or decree gives the court continuing jurisdiction; and that, the divorce decree in the instant case being silent as to any disposition of the custody of the child and the statute having no application, the trial court was without jurisdiction at a subsequent term to open, amend or modify the former judgment. The judgment of the trial court, therefore, must be, and hereby is, reversed.

*Judgment reversed.*

McCurdy, P. J., and Gillen, J., concur.