PETERS, APPELLEE, *v.* PETERS, APPELLANT.

(No. 41342—Decided June 12, 1968.)

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress* and *Mr. Dale O. Cox,* for appellee.

*Messrs. Alpeter, Diefenbach, Davies, Shaffer, Koerber & Lewis* and *Mr. Lee C. Davies,* for appellant.

TAFT, C. J.  The plaintiff wife and the defendant husband were divorced by a decree of March 22, 1966, which incorporated a separation agreement of January 20, 1966, between them.  Under this agreement, custody of their three minor children was awarded to the plaintiff wife and the defendant husband agreed to pay specific amounts for their support.

The separation agreement was incorporated in the divorce decree, and that decree stated that "the court * * * approves said agreement and adopts the same as the judgment of the court" and ordered both parties "to comply in all respects therewith."  The decree contained no language reserving to the court any jurisdiction over the amounts to be paid for child support.

On February 10, 1967, the defendant husband filed a motion for a reduction of the amount of the support payments for his children.  The Common Pleas Court overruled the motion.

On appeal to the Court of Appeals, the judgment of the Common Pleas Court was affirmed, for the reason that "a divorce decree that incorporates a separation agreement providing for support of minor children of the parties, is not subject to modification by the court so as to lessen the amount of support for such minor children."

That was the holding of this court in *Tullis* v. *Tullis* (1941), 138 Ohio St. 187, 34 N. E. 2d 212.

That holding was distinguished in *Seitz* v. *Seitz* (1952), 156 Ohio St. 516, 103 N. E. 2d 741, on the ground that the decree in the *Seitz* case provided for payments in accordance with the separation agreement there involved only "until further order" of the court.

However, as stated in paragraph one of the syllabus of *Corbett* v. *Corbett* (1930), 123 Ohio St. 76, 174 N. E. 10:

"A decree of divorce terminating the marriage con-

tract of parents who have minor children, which decree provides for the custody, care and support of such minor or minors by the parents respectively during such minority or for a lesser period of time, named in the decree, continues the jurisdiction of the court for such period without any express reservation in the decree itself.''

Thus, the reasons stated in the majority opinion in *Seitz* v. *Seitz, supra,* for distinguishing *Tullis* v. *Tullis, supra,* indicate that *Seitz* v. *Seitz, supra,* overruled *Tullis* v. *Tullis, supra.*

We conclude, therefore, that a decree of divorce which provides for the custody and support of minor children of the divorced parties continues the jurisdiction of the court with respect to the support of such children during their minority, notwithstanding the absence of any express reservation in the decree with respect thereto, and notwithstanding the amount specified for support of such children in such decree had been adjudged pursuant to a separation agreement approved by the court.

We further conclude that, in such an instance, the court may increase or decrease the provisions for support of such minor children as changed circumstances may require.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, TROOP and BROWN, JJ., concur.

TROOP, J., of the Tenth Appellate District, sitting for SCHNEIDER, J.