BYRD, APPELLANT, *v.* BYRD, APPELLEE.

[Cite as Byrd v. Byrd, 20 Ohio App. 2d 183.]

(No. 3396—Decided August 20, 1969.)

*Messrs. Goldman, Bogin & Fox* and *Mr. William I. Shaman,* for appellant.

*Messrs. Young, Pryor, Lynn, Strickland & Falke,* for appellee.

CRAWFORD, J. These parties were divorced on March 28, 1967. They had previously entered into a separation agreement which was approved by the court in the decree as follows:

"Coming to a determination of the property rights of the said parties the court finds that the parties have agreed upon a settlement agreement which provides that the household goods and real estate at 396 Park End Drive, Dayton, Ohio, shall be released and conveyed by the defendant to the plaintiff in full satisfaction of all claims of

the plaintiff for support or alimony. This settlement is approved by the court, and it is ordered that the custody of Arnold Jeffrey Byrd is awarded to the plaintiff subject to such visitation rights as may be agreed upon by the parties, and subject to the further order of the court.''

On July 22, 1968, the plaintiff, appellant herein, filed a motion for modification of the order of support.

A motion by defendant, appellee herein, to dismiss the motion was sustained ''for the reason that plaintiff is not the proper party to bring said action when plaintiff had previously entered into an agreement with defendant with respect to child support and was subject to order of this court with respect thereto, this court, however, not resigning its jurisdiction over the matter if it is properly brought.''

No authority has been cited in support of this holding. Defendant has filed no brief. Our research reveals no precedent.

So far as the plaintiff is personally concerned, it may be argued that she should abide by her agreement, if it is fair and is approved by the court.

However, where the welfare and support of a minor child are concerned the court has authority to act, as was observed in the entry appealed from. The father cannot by contract escape his responsibility, neither can the mother barter away the child's right to support.

If proper support is not forthcoming, who is to enforce the father's legal obligation if the mother with custody is not competent to do so? A prosecution for nonsupport may be available, but such procedure has disadvantages for all concerned.

The case of *Peters* v. *Peters* (1968), 14 Ohio St. 2d 268, involved a similar separation agreement which was embodied in the decree. It settles the law as to the jurisdiction of the court, even when it was not specifically reserved in the decree. It is to be noted that the question arose upon a motion of the father.

The case of *Van Divort* v. *Van Divort* (1956), 165 Ohio St. 141, although apparently not involving a separa-

tion agreement, held that in general a motion by a party is the proper procedure for modification of an order of support.

The welfare of the child will be best served by free access to the court by a party parent.

Knowing of no authority which would disqualify the mother with custody from maintaining such a motion, we conclude that its dismissal was erroneous.

The order appealed will be reversed, and the cause remanded to the Court of Common Pleas for hearing and determination of plaintiff's motion to modify the order of support.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.