Gilmore *v.* Gilmore.

(No. 51469—Decided June 16, 1971.)

Common Pleas Court of Scioto County.

*Mr. L. M. Kimble*, for plaintiff.
*Mr. C. L. Huddleston*, for defendant.

Marshall, J. The entry of divorce filed herein on February 27, 1968, provided in part as follows:

"The court further finds that Mrs. Virginia McClure, as investigating officer of this court, has made a thorough and proper investigation of the environment of the minor children, Robert Maurice and Randall Leigh, and after a careful study of the same, the court hereby awards the exclusive care, custody and control of said minor children to Ann Ernestine Gilmore, the plaintiff, until the further order of this court, with the right reserved in the defendant to visit said minor children at all reasonable times and places until the further order of this court. The court finds that the parties have entered into an amicable agreement as to the property held by the parties and as to the support of the minor children. The court finds that said agreement is fair, just and equitable, and the same is here-

by confirmed and approved, and it is so ordered. The matter of support for said children is continued."

Item 6 of said *Separation Agreement* provides:

"The wife shall have custody of the two children and agrees to support said children without assistance from the husband."

On May 21, 1971, the plaintiff filed a motion requesting the court to make a determination of the amount of support to be paid by the defendant for the support of said minor children. Hearing on said motion was conducted on June 8, 1971, and the matter was submitted to the court upon the evidence and memoranda supplied by counsel subsequent thereto.

The court finds that Robert Maurice was born May 2, 1963, and Randall Leigh was born November 13, 1964. The defendant testified that he is employed by the Acme Spring and Equipment Company as a spring re-builder, earning $154.20 per week gross and $91.07 net. The plaintiff testified that she is employed as a teacher by the Portsmouth Board of Education receiving a salary of $7,525.00 per year, and that she receives additional income from private tutoring and summer teaching. She also stated that she requires $20.00 per week from the defendant for the support of the two children.

R. C. 3103.03 provides:

"The husband must support himself, his wife and his minor children out of his property or by his labor. If he is unable to do so the wife must assist him so far as she is able . * * *"

"The obligation of a father to support his minor children after his divorce has been granted is an obligation cast upon him by law and not by the decree of divorce." 41 Ohio Jurisprudence 2d p. 349.

"It is the duty of a father to support his minor children, and this duty he owes to the state, and he cannot relieve himself of his duty to the state by a contract with the mother." *Evans* v. *Evans*, 72 Ohio Law Abs. 29; *Bowen* v. *State*, 56 Ohio St. 235.

The latest pronouncement of the Supreme Court on

this subject was in the case of *Peters* v. *Peters*, 14 Ohio St. 2d 268, decided June 12, 1968. "A decree of divorce, which provides for the custody and support of minor children of divorced parties, continues the jurisdiction of the court with respect to the support of such children during their minority, notwithstanding the absence of any express reservation in the decree with respect thereto and notwithstanding the amount specified for support of such children in said decree has been adjudged pursuant to a separation agreement approved by the court in that decree. In such an instance, the court may increase or decrease the provisions for support of such minor children as changed circumstances may require." The Second District Court of Appeals in a case decided August 20, 1969, held: "A father cannot, by contract, escape his responsibility for adequate support of a minor child; and a mother cannot barter away the child's right to such support. A separation agreement specifying the amount to be paid by the father for the support of his minor child, subsequently approved by the court in the decree of divorce, will not prevent the mother with custody from later moving to modify the order of support." *Byrd* v. *Byrd*, 20 Ohio App. 2d 183.

Thus the authority and responsibility of the court is clearly delineated. Upon proper application, the court has the jurisdiction and the duty to require the father to pay adequate support for his minor children, whether or not there was an express reservation of continuing jurisdiction in the original decree. The defendant, however, contends that the original decree in this case cannot be modified because there has been no showing of changed circumstances since the decree was entered. We do not believe that principle to be applicable here because the original decree contained no order of support whatsoever. In the case of *Smith* v. *Smith*, 7 Ohio App. 2d 4, the Court of Appeals, faced with a similar situation, stated "Under these circumstances it was not necessary for the trial court to decide * * * whether such a change in circumstances occurred as to alter the contractual obligations of the mother to the father, or vice versa. This is a matter entirely be-

tween the father and the mother and if a contractual cause of action still exists by one against the other, it is not here determined."

It is ordered that the defendant pay to the clerk of this court for the benefit of the plaintiff as and for the ordinary support of the minor children of the parties the sum of $20.00 per week, plus poundage, until the further order of this court. This is not to be construed as an adjudication of the rights and obligations of the parties created by virtue of their separation agreement. The Court of Appeals has declared "A decree of such court modifying provisions for support of such minor children does not, however, operate to relieve either party to a divorce from his or her obligations to the other under the separation agreement." *Smith* v. *Smith, supra.*

*Motion for support granted.*