GREEN *v.* GREEN.

(No. 24729—Decided March 17, 1972.)

Common Pleas Court of Pickaway County.

*Mr. Richard L. Gerhardt*, for plaintiff.
*Mr. Leo J. Hall*, for defendant.

CLINE, J.   The plaintiff and defendant were divorced by decree entered August 11, 1967, and the plaintiff was given custody and control of one minor child.   The defendant was ordered to pay a sum of $15.00 a week support plus extraordinary medical and dental expenses.

On the second day of March 1968, plaintiff and defendant filed an affidavit stating that the plaintiff had no desire to accept further child payments and the defendant released his rights of visitations except at plaintiff's place of residence.   The affidavit is as follows:

In The Court of Common Pleas of Pickaway County, Ohio

Sharon Green,

Plaintiff,                                      No. 24729

vs.

Roger R. Green,

Defendant,                                      Affidavit

State of Ohio, Pickaway County ss.

Roger R. Green and Sharon Green, plaintiff and defendant in this cause respectively, being first duly sworn according to law deposes and says as follows:

1. That Randy Lee Green was born as issue of the former marriage of the parties which was dissolved by decree of this court filed August 11, 1967.

2. Plaintiff declares that she has no desire to accept any further child support payments from and after this date for the support and maintenance of the aforesaid minor child which were ordered at the rate of $15.00 per week in said decree.

3. Defendant declares that he desires to relinquish thereafter all rights of visitation with said child except at plaintiff's place of residence in consideration from plaintiff not accepting any further child support payments.

Further affiants saith not.

Sharon Green
_____

Roger Ronald Green
_____

Sworn to before me and subscribed in my presence this 2nd day of March, 1968.

David L. Kraft
_____

Notary Public, State of Ohio

On the 4th day of December 1971, the plaintiff filed the motion subject of this inquiry requesting the court to open up the decree and to permit evidence of the birth of a second child born after the decree was filed, and to allow support for said child. The plaintiff also requests reinstatement of the support order and requests that the support be set at $20.00 per week.

The first question presented to the court is whether

the court has jurisdiction to modify a judgment and grant support for a minor child of plaintiff where it is alleged that the child was conceived prior to the decree of the divorce but born after the decree of the divorce.

The second question involved is whether the court may reinstate a support order where there has been an agreement by the parties terminating said support. There can be little question that a court order for support is subject to the continuing jurisdiction of the court. The modification of a court order is covered by Rule 60(B) of the Ohio Rules of Civil Procedure which provides as follows:

"Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) * * * (2) * * * (3) * * * (4) * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

It may be noted that the one year limitation for grounds (1), (2) and (3) is shorter than the time limit prescribed originally by R. C. 2325.10 and 2325.01.

Much has been and could be written on the power of a court to vacate or modify a decree for fraud. Many have said the statutory rights were cumulative; others have distinguished between intrinsic and extrinsic fraud and some have made the determining factor of whether the judgment was void or voidable.

It is the feeling of the court that a void judgment would always be open to attack and that our consideration must then turn to voidable judgments which now must qualify under Civ. R. 60(B) formerly R. C. 2325.01 etc. (R. C. 2325.-10).

The facts regarding the second child could qualify under 60(B)(1) "mistakes, inadvertence, surprise or excus-

able neglect," 60(B)(2) after discovered evidence or 60 (B)(3) *fraud extrinsic* or *intrinsic* etc. and thus subject to one year statute of limitations, but the rule of inherent equitable jurisdiction to do justice is carried into 60(B)(5), any other reason justifying relief.

The first three possibilities are subject to the one year statute of limitations (or shorter if not within a reasonable time) and are unavailable. The fifth given this same construction as its counterpart under the Federal Rules is unavailable for reasons covered by the first three. (3 Barren & Holtzoff 389 et seq.) The fifth would include fraud upon the court by third parties as distinguished from fraud or misrepresentation by a prevailing party covered under 60 B (3). In the *Jelm* case, 155 Ohio St. 226, the same facts, including additional ones involving the second husband, were factors influencing the court in setting aside the judgment as fraud on the court. The court expressly found "upon both grounds, to wit, the authority of the statutes of Ohio herein discussed and the inherent judicial power." Thus reasons covered by Civ. R. 69(B)(3) and (5) were available.

The action was filed within a few weeks after the discovery of the fraud and the court vacated the judgment.

If the exclusion of the child be considered a fraud on the court by the prevailing party, the motion is subject to the one year statute of limitation Rule 60(B)(3). If the conception of the child was not within the knowledge of either party when the decree was filed, then the complainant would be required to act timely, that is, within a reasonable time after discovery of the fact giving rise to the fraud. In this case, the court considers three years excessive and unreasonable. This holding disposes of the civil holding in the divorce which in no way absolves the defendant from his statutory duty to support a child. In a criminal case, the presumption of paternity is different than in the divorce and other avenues of enforcement are open.

The question of continuing jurisdiction as to support payments originally determined by the court is complicated by the fact that the parties signed an affidavit negating the effect of the court's order.

There is some question as to whether public policy would permit one party to reduce payments if such would reduce the standard of living of which the child had been accustomed or consider as binding an agreement for reduction in hours of visitation if they would adversely affect the interests of the child. The affidavit was merely filed but not approved by the court.

Although the parties cannot contract away any of the court's powers, they are both capable of contracting with each other. The titled affidavit would seem to release any claims of plaintiffs unless such would have the effect of making the child a public charge or otherwise deprive the child of necessities. The agreement would obligate the plaintiff custodian to provide support within her means but the defendant's responsibility still exists to provide all necessaries which the plaintiff is unable to provide in accordance with her agreement. While a promise for a promise may constitute a valid consideration, a promise not to visit a son would at least be a voidable one. (*Quigley* v. *Murphy*, 4 Ohio N. P. 1, 5 Ohio Dec. 680.)

The effect of the affidavit contract on the jurisdiction of the court to modify the order of support would involve the identical problem as a support agreement which was incorporated into the divorce decree with one contract being made prior to or concurrent with the decree while in the instant case the purported contract was made subsequent to the decree. The same reasons and arguments are equally applicable in both instances.

The equitable doctrine of "clean hands" should not be used to the detriment of a child:

"A court granting a decree of divorce may change the custody of a minor child of the parties or increase or decrease the provisions for support, maintenance, care and education of such minor child during its minority as changed circumstances require, notwithstanding the unqualified provisions of a separate agreement concerning the support, maintenance, care and education for such child incorporated in the decree of divorce." *Rutter* v. *Rutter*, 53 O. O. 32.

"A decree of divorce, which provides for the custody

and support of minor children of the divorced parties, continues the jurisdiction of the court with respect to the support of such children during their minority, notwithstanding the absence of any express reservation in the decree with respect thereto and notwithstanding the amount specified for support of such children in such decree had been adjudged pursuant to a separation agreement approved by the court in that decree. In such an instance, the court may increase or decrease the provisions for support of such minor children as changed circumstances may require.'' Paragraph one of the syllabus of *Corbett* v. *Corbett*, 123 Ohio St. 76 and *Seitz* v. *Seitz*, 156 Ohio St. 516, 46 O. O. 423, approved and followed. *Tullis* v. *Tullis*, 138 Ohio St. 187, 20 O. O. 237, overruled. *Peters* v. *Peters*, 14 Ohio St. 2d 268.

In answer to the first question, the court does not have jurisdiction to entertain a motion for the support of a child conceived prior to the divorce decree but born after the decree when the motion is filed more than 3 years after the decree is filed. Rule 60(B) and *Hall* v. *Hall*, 101 Ohio App. 237; see also *Jelm* v. *Jelm*, 155 Ohio St. 226.

In answer to the second question, an order for support in a divorce decree is subject to the continuing jurisdiction of the court to modify in case of changed conditions, but the right of a custodian to exercise this may be limited by contract between the parties provided the contract is not one in violation of public policy or otherwise illegal. In the instant case the affidavit seems to express intent, but does not recite that it is a promise in consideration for another which likewise lacks the same mutuality. The statements are expressions of intent to waive certain legal rights the legal effect of which has been used hereinabove. The motion to open the decree to set support for the second child should be dismissed; Civ. R. 60(B)(1) to (5) inclusive, the motion to reinstate the support and visitation rights should be granted, *Peters* v. *Peters*, 14 Ohio St. 2d 268 and *Caudill* v. *Caudill*, 49 O. O. 2d 100.