**MILLER, n.k.a. Lee, Appellant,**

v.

**BARKER, Appellee.**

[Cite as *Miller v. Barker* (1989), 64 Ohio App.3d 649.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55914.

Decided Oct. 2, 1989.

*Kraus & Kraus* and *Keith R. Kraus,* for appellant.

*John H. Lawson,* for appellee.

ANN McMANAMON, Chief Justice.

Andrew Barker ("the father") was found in contempt in the juvenile court for nonpayment of child support. Hortense Miller ("the mother"), who initiated the show cause motion, appeals the court's ruling because she was not also awarded attorney fees pursuant to R.C. 3111.13(F). She further urges that the court failed to consider applicable law in modifying its child support order and arbitrarily denied her request for findings of fact and conclusions of law.

The contempt hearing on May 2, 1988 followed a series of custody battles between the mother, father and maternal grandmother, which began shortly after the birth of the child, Nicole Miller, on March 29, 1985. In finding the father in contempt, the court ordered him to pay $5,000 in arrearages, court costs, and increased child support from $15 per week to $20.

 The award of attorney fees in a contempt proceeding is governed by R.C. 3111.13(F),[1] which states in relevant part:

" * * * If any person required to pay child support under an order made under this section on or after April 15, 1985, or modified on or after December 1, 1986, is found in contempt of court for failure to make support payments under the order, the court that makes the finding shall, in addition to any other penalty or remedy imposed, assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt."

This case falls precisely within the dictates of the statute, which clearly mandates that the court assess court costs as well as the adverse party's reasonable attorney fees arising from the act of contempt. The statutory language and specific reference to attorney fees make it clear that the juvenile court had a duty to award attorney fees in this case.

While we find no case law on this aspect of the code section, we hold that the plain language of R.C. 3111.13(F) is controlling and that the juvenile court erred in not entertaining evidence on the issue of attorney fees and, within its sound discretion, making a reasonable award. The first assignment of error is well taken.

In her second assignment of error, the mother argues that the juvenile court impermissibly ordered the father to pay child support without considering R.C. 3111.13 and 3109.05 and the Child Support Guidelines issued by the Ohio Supreme Court.

 A court retaining controlling jurisdiction pursuant to a child support order may modify the support provisions to accommodate any changed circumstance. *Peters v. Peters* (1968), 14 Ohio St.2d 268, 270, 43 O.O.2d 441, 442–443, 237 N.E.2d 902, 903. To modify child support, the court must apply a two-step analysis that determines whether a change of circumstances exists

---

1. The same provision is found in R.C. 3109.05.

and, if so, redetermines the appropriate amount of child support. *Palinchik v. Palinchik* (July 21, 1988), Cuyahoga App. No. 54185, unreported, at 6, 1988 WL 86932. R.C. 3109.05 and 3111.13 set forth factors to be used in determining the appropriate level of support. In addition, the Rules of Superintendence for Courts of Common Pleas require the use of the Supreme Court's Child Support Guidelines.

The parentage and custody of Nicole Miller were initially determined by the juvenile court and that court retained jurisdiction over subsequent custody disputes pursuant to R.C. 3111.16.

■ The hearing was unrecorded and the only record of the proceedings is an App.R. 9(C) statement of proceedings signed by both parties' attorneys and a juvenile court judge (though not the one who presided at the hearing).

The App.R. 9(C) statement indicates the court inquired of counsel and the parties regarding employment, income, current payments, arrearage, the father's debt to the county, and the child's residence at various times as is required by the guidelines and the statutory provisions. Based upon the inquiries the court appears to have found the parties' circumstances sufficiently changed to order a modification of child support. Since the App.R. 9(C) statement shows no error, we will presume the regularity of the court's decision-making process. *Ogletree v. Ogletree* (May 12, 1988), Cuyahoga App. No. 53792, unreported, 1988 WL 47458. We find the court properly redetermined the amount based upon the relative ability of each parent to pay. The second assignment is not well taken.

■ The mother finally challenges the denial of her motion for findings of fact and conclusions of law pursuant to Civ.R. 52, which states in relevant part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"* * *

"Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."

The provisions of this rule are mandatory in a trial by the court where a request for such a written statement is timely filed. *St. Paul Fire & Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261, 266–267, 73 O.O.2d 291, 293–294, 337 N.E.2d 806, 811–812.

In a civil contempt case, however, Civ.R. 52 is not mandatory pursuant to the plain language of the statutes. See *State, ex rel. Ventrone, v. Birkel* (1981), 65 Ohio St.2d 10, 12, 19 O.O.3d 191, 192, 417 N.E.2d 1249, 1250. The Summit County Court of Appeals specifically found Civ.R. 52 findings of fact and conclusions of law unnecessary in a contempt proceeding for the nonpayment of support. *Proehl v. Walsh* (Feb. 8, 1984), Summit App. Nos. 11245, 11387, unreported, at 4–5, 1984 WL 4752. We have found a proceeding to award alimony not to be a trial "by the court without a jury," because, as in the case at bar, no evidence was taken or required, and held, on that basis, the court was not required to comply with Civ.R. 52. *Wischmeier v. Wischmeier* (June 18, 1987), Cuyahoga App. No. 52245, unreported, at 14, 1987 WL 13309.

In the case at bar, the court conducted an informal contempt proceeding for the nonpayment of child support, during which the court also modified the support previously awarded. As such, the provisions of Civ.R. 52 do not require the court to issue findings of fact and conclusions of law. The mother's third assignment fails.

The judgment is reversed in part, affirmed in part, and the cause is remanded for a determination of attorney fees.

*Judgment accordingly.*

JOHN V. CORRIGAN and FRANCIS E. SWEENEY, JJ., concur.