JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral argument of counsel.
 {¶ 2} Plaintiff-appellant Renee Weedon, nka Renee Fiderius (mother), appeals the trial court's finding that it did not have jurisdiction to determine her motion for child support and for support arrearage. We find no merit to the appeal and affirm.
 {¶ 3} The parties were married on September 25, 1984, and they had one child, born on March 13, 1986. The mother filed for divorce on October 6, 1986. The father failed to answer.
 {¶ 4} On January 22, 1987, the trial court entered a divorce decree stating:
 {¶ 5} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that due to Defendant's failure to appear, that no provisions for child support or visitation can be made, however, the Defendant is to report to the Bureau of Support, his employment status and his earnings."
 {¶ 6} The father failed to abide by this order and did not "report" his employment status or earnings to the Bureau of Support.
 {¶ 7} On April 12, 1999, the Cuyahoga County Support Enforcement Agency (CSEA) intervened and requested that the court find the father in contempt for failing to comply with the trial court's order to report. Service was obtained on the father at an address located in Michigan, and the trial court issued an order, requiring the father to appear and to bring relevant financial documents.
 {¶ 8} On November 23, 1999, the trial court approved an agreed judgment entry of the parties, which established support from April 12, 1999 forward "in the amount of $423 monthly plus processing charge and $50.00 monthly fee on arrears of $3,024.00 as of 11/17/99 thru CSEA." The arrearage of $3,024 represented the amount that had accrued pending CSEA's contempt motion. This order did not include the past support from the date of filing of the divorce complaint to the date of filing CSEA's motion, but did state, "[t]he Court finds that the parties have resolved their differences by agreement * * *."
 {¶ 9} On August 13, 2001, the mother filed a motion to establish support and determine the arrearage commencing from the date of the divorce filing on October 6, 1986, and ending with the April 1999 support order. The parties submitted briefs regarding the issue, but the court denied the mother's motion finding that it lacked jurisdiction over the matter.
 {¶ 10} The mother raises two assignments of error on appeal.
 Lack of Jurisdiction to Determine Arrearage {¶ 11} In her first assignment of error, the mother argues that the trial court erred in finding that it lacked jurisdiction to establish the support and determine the arrearage for the years prior to the 1999 settlement agreement.
 {¶ 12} Although the mother had requested child support in her complaint filed in 1987, no support order was issued at that time and the trial court did not expressly reserve jurisdiction over the matter. Therefore, the trial court had no jurisdiction to determine the child support and resulting arrearage for that time period because it cannot retroactively impose child support.
 {¶ 13} As the Ohio Supreme Court held in Meyer v. Meyer (1985),17 Ohio St.3d 222, 223-224:
 {¶ 14} "It is true that we have in the past ruled that child support orders are subject to modification. See, e.g., Colizoli v.Colizoli (1984), 15 Ohio St.3d 333, 474 N.E.2d 280; Peters v. Peters
(1968), 14 Ohio St.2d 268 [43 O.O.2d 441, 237 N.E.2d 902]. However, these rulings apply to the support orders in prospective fashion only, and solely to existing support orders. In such cases, the supporting spouse has ample notice on which to prepare his or her finances. This would not be true in the case of a retroactive order that establishes a support obligation." (Emphasis in original.)
 {¶ 15} Furthermore, the father's arrearage was determined when the parties entered into the settlement agreement. It was at that time that the arrearage for the preceding twelve years should have also been discussed. The court's entry contained a finding that the parties had "resolved their differences by agreement." Waiting for nearly two years after the settlement agreement was entered before seeking the arrearage that accumulated since the date the divorce complaint was filed is prohibited by res judicata. See Austin v. Payne (Feb. 11, 1998), 9th Dist. No. 97CA006777.
 {¶ 16} We also find that the mother should have sought reimbursement for extraordinary medical expenses at the time the arrearage and support payments were being determined. Even if CSEA had no authority to obtain these expenses, the mother could have done so on her own because the expenses related to the child support issue. CSEA was simply the third-party defendant in the action in 1999 and not the plaintiff.
 {¶ 17} The mother's first assignment of error is overruled.
 Violation of Constitutional Rights {¶ 18} The mother contends in her second assignment of error that the trial court's refusal to hear the matter violated her constitutional rights of due process and equal protection.
 {¶ 19} Although we agree that finding the father not responsible for the prior years of child support simply because he absented himself seems inequitable, the mother was given adequate opportunity to present her claim for past child support when the parties entered into the settlement agreement in 1999. The fact that the mother failed to do so, or to retain counsel at that time to represent her, was the mother's choice and she cannot now complain.
 {¶ 20} The mother's second assignment of error is overruled.
Judgment affirmed.
TIMOTHY E. McMONAGLE, A.J. CONCURS IN JUDGMENT ONLY IN SEPARATE CONCURRING OPINION; KENNETH A. ROCCO, J. CONCURS IN JUDGMENT ONLY IN SEPARATE CONCURRING OPINION.