OPINION
{¶ 1} Appellant, Marshall Campbell ("Marshall"), appeals the January 14, 2004 order of the Common Pleas Court of Allen County affirming the Magistrate's Decision and denying and overruling Marshall's post-divorce motion to establish amounts and an alternate means of satisfaction.
 {¶ 2} On December 23, 2002, the Common Pleas Court of Allen County ordered the divorce of Marshall and Toni Campbell ("Toni"). The decree of divorce was filed on January 9, 2003. As part of the divorce decree, the trial court divided the property of the parties. In particular, the court ordered the return of the parties' separate property, divided the household goods and furnishings and divided the marital property, which included interest in the property at 704 East Main Street, Elida, Ohio, 1800 North Main Street, Lima, Ohio, the Rising Sun Tanning Salon and Campbell's Performance. The court attempted to equalize the assets of the parties in the following order:
It is therefore ORDERED that to satisfy the amount owed byPlaintiff to Defendant, Plaintiff Toni Campbell shall allowDefendant Marshall Campbell to utilize the space he is currentlyoccupying at 704 E. Main Street, Elida, Ohio, until May 31, 2005.This will be at the rate of $1,500.00 per month. The Courtfurther ORDERS that as a part of Defendant's tenancy, he willmaintain appropriate liability insurance and separately maintaininsurance on any assets of his located therein and further willabide by and comply with any and all necessary safetyregulations. The Court further reiterates that its instructionsas to payment of utilities as hereinbefore set forth isapplicable during this rental period.
January 9, 2003 Journal Entry — Divorce Decree, p. 11. Neither party appealed this decision of the court.
 {¶ 3} On March 19, 2003, Marshall filed a motion to establish amount and alternate means of satisfaction with regard to the above provision of the decree of divorce. On August 7, 2003, the magistrate issued a decision denying Marshall's request to establish amounts and alternate means of satisfaction. By order dated January 14, 2004, the trial court affirmed the magistrate's decision and denied and overruled Marshall's motion. It is from this judgment that Marshall now appeals, asserting the following two assignments of error.
The Trial Court erred in finding as a matter of law that theAppellee should not be subject to equitable estoppel.
 The Trial Court abused its discretion in finding that themeans of satisfaction of the decision could not be altered.
 {¶ 4} In the interest of clarity and logic, we have chosen to address Marshall's second assignment of error first. In this assignment of error, Marshall argues that the trial court abused its discretion by finding that the court did not have the authority to modify the property division previously placed on the record in the judgment entry decree of divorce. In support of his argument, Marshall asserts that a court has discretion to interpret and enforce its property division order when disagreements later arise. Therefore, Marshall argues that the trial court did have jurisdiction to modify the terms of satisfaction of the distribution of property in the decree of divorce and that the trial court erred in finding that it did not have such jurisdiction.
 {¶ 5} Marshall correctly asserts that a reviewing court may modify the trial court's decision only if it finds that the trial court abused its discretion, as set forth in Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 355, 421 N.E.2d 1293. Abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Accordingly, we review the trial court's decision to determine if the court abused its discretion in denying and overruling Marshall's motion to establish amounts and an alternate means of satisfaction.
 {¶ 6} As we noted above, neither Marshall nor Toni filed an appeal from the original decree of divorce that set forth the division of the parties' assets and the equalization of such assets. After the time for which an appeal could have properly been brought had expired, Marshall chose to raise the issue of establishing an alternate means of Toni satisfying the amount owed to Marshall. As this was the only issue raised by Marshall in his motion and the only issue addressed by the magistrate and adopted by the trial court, this is the only issue properly before this court for review. Therefore, we must determine whether the trial court had jurisdiction to reopen the divorce decree on matters of personal property division.
 {¶ 7} The court in Bean v. Bean (1983), 14 Ohio App.3d 358,361, 471 N.E.2d 785, stated that:
Ohio courts have long reviewed the issue of their `right' orjurisdiction to reopen a judgment or decree. Some decisions havebased their reasoning on the doctrine of estoppel, indicatingthat where the appellant permitted the decree to go upon therecord without appealing it, he forfeited his rights to questionthe decree later by collateral attack. (citation omitted.) Otherdecisions base their reasoning on the doctrine of res judicata.(citations omitted.)
Ohio law is clear that "[w]henever a matter is finally determined by a competent tribunal, it is considered at rest forever. And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case." Id., citing Petersine v. Thomas (1876),28 Ohio St. 596, 601. Further, "[a] court has control of the division of the property of the parties at the time of the divorce decree and not thereafter." Bean,14 Ohio App.3d at 361, citing Stemple v. Stemple (1967), 12 Ohio Misc. 147,230 N.E.2d 677.
 {¶ 8} Therefore, a court may reopen or modify a judgment only as provided by statute, except in such cases where the judgment or decree gives the court continuing jurisdiction. Hall v. Hall
(1956), 101 Ohio App. 237, paragraph two of the syllabus,139 N.E.2d 60. There is no statute which provides for the reopening of a judgment or decree concerning the division of property.Bean, 14 Ohio App.3d at 361. Further, the trial court did not retain jurisdiction regarding the division of the parties' property in the judgment entry decree of divorce filed on January 9, 2003.
 {¶ 9} Ohio law favors the principle of finality of judgments for the reason that persons should be able to rely on the rulings of the court. Id. "If courts had continuing jurisdiction to modify all decrees, there would be confusion and uncertainty."Popovic v. Popovic (1975), 45 Ohio App.2d 57, 64,341 N.E.2d 341. Since there is no statute that is applicable to modification of the property division in this case, and since the trial court did not retain jurisdiction to modify the decree of divorce in this respect, our conclusion must be that the trial court did not retain jurisdiction to reconsider or modify the prior order of the court establishing the amount and means of satisfaction by Toni to Marshall.
 {¶ 10} Accordingly, we hold that the trial court did not abuse its discretion in denying and overruling Marshall's motion and the second assignment of error is overruled.
 {¶ 11} In Marshall's first assignment of error, he argues that the trial court erred in finding that estoppel was not available as an equitable defense to him. Marshall first raised equitable estoppel in his objections to the magistrate's decision. However, Marshall did not raise this issue in his motion, nor did the magistrate make a finding regarding equitable estoppel in her decision. Rather, the magistrate found that the court did not have continuing jurisdiction to modify the property settlement. While it appears that Marshall's objection to the magistrate's decision was improperly raised to the trial court, the court addressed the objection on its merits and, therefore, we will review the trial court's finding with respect to the issue of equitable estoppel.
 {¶ 12} Equitable estoppel is used to prevent a party from exercising rights which he might otherwise have had against another party who has relied upon the conduct of that party in good faith. Johnson v. Franklin (1989), 64 Ohio App.3d 205,210, 580 N.E.2d 1142. Marshall correctly provides the elements that must be met in order to establish equitable estoppel as: (1) a factual representation by the party to be estopped; (2) that is misleading; (3) that induces actual reliance that is reasonable and in good faith; and (4) that causes detriment to the relying party. Id. The trial court found that the doctrine of equitable estoppel was not a defense in this case.
 {¶ 13} An appellate court will review a lower court's application of the doctrine of equitable estoppel under the abuse of discretion standard. Payne v. Cartee (1996),111 Ohio App.3d 580, 589, 676 N.E.2d 946. The trial court's decision will not be disturbed by a reviewing court unless the record reveals that the court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In the case sub judice, this court cannot say that the trial court abused its discretion in not applying the doctrine of estoppel.
 {¶ 14} Marshall was unable to meet the elements of equitable estoppel. First, neither Toni nor her counsel made a representation to Marshall that was misleading. The correspondence between the parties subsequent to the order of the trial court in the decree of divorce regarding the equalization of assets did not indicate any misleading representations, only statements of proposed negotiations. Further, nothing in the communications could have induced reasonable reliance or reliance in good faith by Marshall. While Marshall asserts that his reliance on the misrepresentations of Toni and/or her counsel caused him detriment, the record does not support this assertion. Rather, the two letters from counsel for Marshall to counsel for Toni indicated Marshall's decision to vacate the premises before any response from Toni regarding the proposed settlement by Marshall. While the letter to Marshall from Toni's counsel did indicate Toni's willingness to negotiate an agreement regarding an alternate means of satisfaction, this communication by Toni was subsequent to Marshall's decision to vacate the premises and, therefore, cannot be relied upon by Marshall as detrimentally influencing his decision. Moreover, the content of the communications makes is clear that no agreement was reached by the parties concerning an amount or alternate means of satisfaction, which supports the fact that these communications were merely attempts to negotiate and not representations which the parties could reasonably rely upon. Therefore, the record does not support a finding for equitable estoppel.
 {¶ 15} Accordingly, we hold that the trial court did not abuse its discretion in not applying the doctrine of equitable estoppel and Marshall's first assignment of error is overruled.
 {¶ 16} Having found no merit with Marshall's assignments of error, the judgment of the Common Pleas Court of Allen County is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.