OPINION
{¶ 1} Defendant-Appellant, Marshall Campbell, appeals a judgment of the Allen County Court of Common Pleas, finding that he was in contempt of court. On appeal, Campbell asserts that the trial court erred in finding that a three ton hoist and crane were fixtures to the real estate from which he removed them and that the trial court erred in finding him to be in contempt of court. Because Campbell did not file any objections to the magistrate's ruling with the trial court court, he has waived any right to appeal this matter. Accordingly, the judgment of the trial court is affirmed.
 {¶ 2} In December of 2002, the trial court entered an order divorcing Campbell and Plaintiff-Appellee, Toni Campbell (n.k.a. Toni Lackey). In March of 2003, Campbell filed a motion to establish the amount and alternate means of satisfaction with the trial court. In August of 2003, following a hearing, the magistrate filed its decision denying Campbell's request. Subsequently, Campbell filed his objections to the magistrate's decision; however, the trial court denied his objections and adopted the magistrate's decision. From that judgment entry, Campbell filed an appeal. In August of 2004, this Court affirmed the judgment of the trial court in Campbell v. Campbell, 3d Dist. No. 1-04-11, 2004-Ohio-4294.
 {¶ 3} Prior to their divorce, Campbell and Lackey jointly owned property located at 704 E. Main Street, Elida, Ohio. The parties used the property jointly to operate their respective businesses. Lackey operated Rising Sun Tanning Salon, and Campbell operated Campbell's Performance, a body shop. As part of the divorce decree, Lackey was awarded the above property. While Campbell was permitted to use the property until May of 2005, he immediately vacated the premises.
 {¶ 4} In November of 2003, during the time in which the previous appeal was pending, Lackey filed a motion for citation in contempt. In her motion to find Campbell in contempt, Lackey claimed that Campbell had wrongfully removed a three ton operational crane from Lackey's 704 East Main Street property. Additionally, Lackey claimed that Campbell had caused further property damage to that property in the process of moving his business out of the premises.
 {¶ 5} In June of 2004, following a hearing on Lackey's motion, the magistrate issued its decision, finding that the three ton single steel girder and three ton operational crane were fixtures of the 704 East Main Street property and that Campbell had improperly removed them from the premises. Based on its finding that the crane and girder were fixtures, the magistrate found Campbell in contempt of court and ordered him to serve thirty days in jail and pay a one hundred dollar fine.
 {¶ 6} In July of 2004, Campbell filed a motion to extend time for filing an objection. The trial court granted his motion; however, Campbell never filed any objections with the trial court. In December of 2004, the trial court filed a judgment entry, finding that Campbell was in contempt of court and sentencing him to a one hundred dollar fine. It is from this judgment Campbell appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The Magistrate and Trial Court erred in finding as a matter of law thatthe tree ton hoist and crane was a fixture to the real estate. 
 Assignment of Error No. II As a result of the error, set forth in Number 1, as a matter of law, inthe determination of the three ton hoist and crane as a fixture, thetrial court also erred in finding the Defendant to be in contempt.
 {¶ 7} In Campbell's assignments of error, he asserts that the magistrate and the trial court erred in finding that the hoist and crane were fixtures, and, as a result, that the magistrate and the trial court erred in finding him in contempt of court.
 {¶ 8} Civ.R. 53(E)(3)(a) requires objections to the magistrate's decision be filed within fourteen days of the decision. If objections to the magistrate's decision are timely filed, the trial court is required to rule on those objections. However, if a party fails to make the necessary written, specific objections within fourteen days of the filing of the magistrate's order, then the trial court is not required to rule on the objections. Instead, the trial court may adopt, reject, or modify the magistrate's decision. Civ.R. 53(E)(4)(b). Moreover, "a party may not assign as error on appeal the court's adoption of any finding of fact or conclusion of law" contained in the magistrate's decision unless it was properly objected to within the fourteen day period. Civ.R. 53(E)(3)(d).
 {¶ 9} In the case sub judice, Campbell never filed an objection to the magistrate's decision. Accordingly, because an objection to the magistrate's decision herein was never filed, the trial court was entitled to adopt the magistrate's decision, which it did. Pursuant to Civ.R. 53(E)(3)(d), Campbell may not, therefore, assign as error on appeal to this court those portions of the magistrate's decision that the trial court adopted. Thus, Campbell's assignments of error are not properly before this court, and we must overrule them.
 {¶ 10} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Cupp, P.J. and Bryant, J., concur.