**CLELLAND, Plaintiff-Appellant, v. CLELLAND, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6121.   Decided November 17, 1959.

Edward F. Lynch, Columbus, for plaintiff-appellant.
Mary E. Prentice, Columbus, for defendant-appellee.

## OPINION

By DUFFY, J.

This is an appeal from an entry of the Court of Common Pleas, Division of Domestic Relations, in which that court stated in consideration of a motion for modification of an alimony order, that the "Court has exhausted its jurisdiction over the original decree filed May 7, 1954."

The entry of May 7, 1954, after granting a divorce to the plaintiff, stated that "The Court further finds that defendant should be and is entitled to certain alimony and hereby orders plaintiff to pay to the

defendant the sum of One Hundred Seventy-five Dollars ($175.00) per month beginning on the 1st day of April, 1954, and monthly thereafter. Said payments to continue until and terminate upon the remarriage of the defendant or upon the death of either the plaintiff or defendant; payments to be made through the Cashier's Office." The court also divided the real estate and other property of the parties but it is not shown that there was ever any agreement among the parties as to a payment of alimony and the order was made by the court based upon his consideration of the evidence presented to him.

The question presented on appeal appears to be whether or not the Court of Common Pleas has the power to modify that decree upon a showing of changed conditions of the parties.

The case of **Olney v. Watts, 43 Oh St 499,** in **Syllabi 1** and **2,** noted as follows:

"1. A party to a decree for alimony may, by an original petition and suit, obtain a modification of such former decree, upon proper allegations of the changed condition and circumstances of the parties.

"2. Such allegations must not relate to circumstances and facts that existed and were, or might have been, pleaded in the former action, but to new facts, thereafter transpiring, which are of such a character as to make the modification necessary to suit such altered condition of the parties."

It is clear from the case of **Gage v. Gage, 165 Oh St 462,** that an award of alimony may include an allowance from future earnings, and if the payment of future installments shall be for a definite period the unpaid monthly installments may become a charge against the estate of the person ordered to pay such installments should he die prior to the due date of the last payment. (See **DeMilo v. Watson, 166 Oh St 433.**)

If the order to make payments in monthly installments was incorporated in the decree because of an agreement between the parties, it is not subject to modification by a court after term in the absence of mistake, misrepresentation or fraud or a reservation of jurisdiction of the court within the decree itself. (See **Newman v. Newman, 161 Oh St 247;** and **Law v. Law, 64 Oh St 369.**)

In the instant case it does not appear that there was any agreement of the parties and, as stated in the case of Olney v. Watson, supra, at page 507, "The real contention touches the right and duty of the court in a case like this to review, modify, or vacate a former decree granting alimony payable in installments by an original suit or proceeding instituted for that purpose, when such power had not been reserved by the language and form of the former decree." The court also cited several authorities from other jurisdictions after which it stated:

"All of which maintain the doctrine of the authority of the court to modify or vacate the former decree as to alimony as the changed condition of the parties thereto may require.

"Upon these authorities and others of like tenor, as well as upon principle, we think a cause of action for the review and modification of the decree is set forth, and that the court erred in sustaining the demurrer to the petition. If, however, it shall, in the future progress of the case, appear that the former decree, instead of being in the

nature of alimony payable in installments for the support of the wife, was in the nature of a permanent division of the husband's property, and that the parties fixed the same by their own agreement, and the action of the court in the premises was simply an affirmance of the agreement by consent, this, if alleged and proved, may furnish a complete defense. As to that we express no opinion now."

After reading the opinion of Judge Atherton in the Olney case, and Judge Weygandt in the Newman case, we conclude that the law in Ohio is that the court retains the jurisdiction to modify or vacate the former decree of alimony upon a proper showing of a changed condition and circumstances of the parties, where the former decree of alimony was not of a definite amount payable in installments or payable only for a limited number of installments, or was not based upon an agreement of the parties as to the division of property which was affirmed by the court and was incorporated into the decree.

In the instant case it appears that the court has not exhausted its jurisdiction and may make a modification or vacation of its former decree if the changed condition or circumstances of the parties warrant it.

Judgment reversed and cause remanded.

BRYANT, PJ, concurs.
MILLER, J, not participating.