BRAUND, PLAINTIFF-APPELLEE, v. BRAUND, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25910. Decided June 28, 1962.

*Mr. Thomas R. Chase*, for plaintiff-appellee.
*Mr. Robert Merkle*, for defendant-appellant.

(HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, GRIFFITH, J, of the Seventh Appellate District, sitting by designation in the Eighth District.)

GRIFFITH, J. This case involves jurisdiction of the Court over alimony orders after term.

In its divorce decree on June 7, 1960, the Trial Court, after decreeing a divorce and making an order for custody and support of minor child, made the following order:

"It is further ordered, adjudged and decreed that said defendant shall pay as and for alimony to the plaintiff the sum of $35.00 per week until such time as said plaintiff shall remarry or be deceased. No record. Signed: Earl R. Hoover, Judge."

Numerous motions, orders, and rulings between the date of the divorce decree and December 2, 1961, were made and disposed of, which rulings are of no consequence in the disposition of our instant problem.

On December 2, 1961, the Common Pleas Court conducted a hearing on a motion to reduce the alimony order theretofor issued basing the motion on changed conditions of the defendant husband. Both the defendant and the plaintiff testified at this hearing, and over 50 exhibits were offered and identified in evidence in support of the motion. The record of this hearing is before us in the form of a Bill of Exceptions. The Trial Court, at the conclusion of the hearing stated that it would mark it heard and submitted.

On December 7, 1961, the Court issued the following memorandum:

"After examining the journal entry signed by Judge Hoover of this Court, it is the opinion of the Court that the award of alimony is not subject to modification inasmuch as the verbiage employed in the entry does not provide until further order of the Court.

"As to the support item for the child, the Court finds same subject to modification if warranted.

"After listening to the testimony of both sides and contentions of both sides, the Court finds a modification of the support order from $20.00 a week to $15.00 a week to be an order effective from date of this order and not retroactive. Both sides except. John E. Sweeney, Judge."

On December 22, 1961, the following journal entry was spread on the journal of the Court of Common Pleas of Cuyahoga County:

"STATE OF OHIO      )     IN THE COURT OF
COUNTY OF CUYAHOGA) SS   COMMON PLEAS
DORIS E. BRAUND     )       No. 734,467
          Plaintiff, )    JOURNAL ENTRY

       vs          )   Official Court Reporter in
WILLIAM E. BRAUND, )  attendance one day, fee of
      Defendant. )   $8.00 is ordered taxed as
                        costs.

"On this    day of December, 1961, this matter came on to be heard before the Honorable John E. Sweeney, on the Motion of the Defendant, William E. Braund, for Rehearing of Motion to Modify Decree, Terminate Alimony and Reduce Support Order, in Respect to Which an Entry was Made on or about August 14, 1961, Overruling said Motion of the Defendant, and in which Order the Motion of the Plaintiff To Show Cause Was Granted, To Modify Decree, Terminate Alimony and Reduce Support, and the evidence, both parties being present in Court with their counsel.

"The Court finds that the Journal Entry of June 7, 1960, signed by Judge Earl R. Hoover as to the portion thereof providing for alimony payments by defendant to plaintiff is not subject to modification inasmuch as the terms of said entry do not provide that such order is subject to the further order of the court.

"It is therefore ordered, adjudged and decreed that defendant's motion to modify the court order as to alimony payable to plaintiff be, and the same is, hereby overruled.

"The Court further finds that the order for the support of the minor child is subject to modification and on the evidence, the Court finds that the order for the support of the minor child, Robert D. Braund, should be modified from Twenty Dollars ($20.00) per week to Fifteen Dollars ($15.00) per week, plus necessary medical expenses, commencing December 7, 1961.

"It is therefore ordered, adjudged and decreed that the

order for the support of the minor child, Robert D. Braund, be, and it is, hereby modified and reduced from Twenty Dollars ($20.00) per week to Fifteen Dollars ($15.00) per week, plus necessary medical expenses, commencing December 7, 1961, and continuing until the further order of the Court.

"The costs herein are taxed against the defendant.

"Both the plaintiff and the defendant except to this entry.

JOHN E. SWEENEY
Judge
12/22/1961

Approved:

Thomas R. Chase
Attorney for Plaintiff

Approved as to Form Only:

(Signed) Robert Merkle

Robert Merkle
Attorney for Defendant"

Considering the attendant circumstances of this case, we conclude that this journal is a final order from which an appeal may be taken and overrules the appellee's motion to dismiss the appeal on this ground.

A more troublesome question presents itself to us, and this question arose during the hearing on the motion to modify and must now be considered.

The Court, in its opinion and in its journal, stated, in substance, that the alimony order was not subject to modification inasmuch as the wording does not provide that such order is subject to the further order of the Court. The only reason expressed by the Court for its declining to consider the matter of modification of alimony was because of the absence of the sentence, "until further order of the Court," in its journal entry.

The appellee relies upon the case of *Garver* v. *Garver, Sr.*, 102 Ohio St., 443 (1921). She contends that the omission of a reservation in the divorce decree continuing the jurisdiction

of the Trial Court terminated the jurisdiction and power of the Court to later modify in any respect the decree then entered; that in the instant case, there was a decree of divorce with an alimony order without any conditions except death or remarriage. However, we must bear in mind that it was not an order for a lump sum payable in installments; it was not an order based on an agreement of the parties incorporated by the Court in its journal, and it was free from fraud.

She urges that the language of the decree is clear and unambiguous; that it specifically states that alimony should continue until remarriage or death; that said court order is absolute in its terms and is not subject to subsequent Court orders, and that said journal was approved by counsel for both parties.

The question presented on appeal is whether or not the Court of Common Pleas has the power to modify that decree upon a showing of changed conditions of the parties.

The real conflict touches the right of the Court in a case like this to modify a former decree granting alimony payable in installments when such power had not been reserved by the language of the former decree.

It is clear from the language of the order from which this appeal was taken that the Trial Court gave no consideration to the merits of the motion to reduce. It said that it had no jurisdiction because of the "verbiage" of the former decree, and apparently gave no consideration to the matter of modification whatsoever.

Upon the authorities of *Olney* v. *Watts*, 43 Ohio St., 499; *Newman* v. *Newman*, 161 Ohio St., 247, and *Gage* v. *Gage*, 165 Ohio St., 462, we conclude that the Court erred, and that the Court of Common Pleas has not exhausted its jurisdiction, and that it may make a modification or vacation of its former decree if the changed conditions or circumstances of either of the parties warrant it.

Judgment reversed and cause remanded.

Hunsicker and Doyle, JJ., concur.