BULLOCH, APPELLANT, *v.* BULLOCH, APPELLEE.

(No. 9483—Decided November 18, 1969.)

*Mr. Stanley L. Myers,* for appellant.
*Mr. Joseph H. Hans,* for appellee.

LEACH, J. By entry of July 17, 1967, plaintiff, appellant herein, was granted a divorce from defendant, appellee herein. The decree also granted to plaintiff the care, custody and control of the minor child of the parties, then 19 years of age. No separate award was made for child support, but defendant was ordered to "pay to the plaintiff the sum of $300 per month as and for alimony," the decree further providing that "said payments to continue during plaintiff's lifetime unless she shall remarry."

The decree also contained other provisions for payment, which are not involved in this appeal. These included the order that the defendant pay the college expenses for the child for a complete college education in the under-

graduate school, not to include board and room on campus; that he maintain in force and effect his National Service Life Insurance policy with plaintiff as beneficiary as long as she remained unmarried; and that he also pay to the plaintiff a sum equal to the mortgage payments on certain described real estate.

So far as the language of the decree is concerned, there is no reference to any separation agreement or to any agreement of the parties. The entire decree is in the form of an order by the court.

On August 27, 1968, defendant moved the trial court for an order modifying the previous order of alimony, seeking its reduction from $300 per month to $100 per month. After an evidentiary hearing, the court, by entry of May 2, 1969, ordered that such alimony be reduced to the amount of $200 per month effective August 27, 1968.

Appeal was then taken to this court. Although two assignments of error are listed, in essence only one question is presented herein: Did the Court of Common Pleas, Division of Domestic Relations, have jurisdiction or authority in 1969 to reduce, on motion of the defendant, its order for payment of alimony previously contained in the decree of the court of July 17, 1967?

It is asserted on behalf of the plaintiff that the order of the court of July 17, 1967, contained no "reservation of jurisdiction" in this respect; that the order for payment of alimony in 1967 was in accordance with "an agreement of the parties"; and, thus, that such order was not subject to modification in the absence of a showing of fraud or mistake. Principal reliance is had by plaintiff on *Law v. Law* (1901), 64 Ohio St. 369, and *Newman v. Newman* (1954), 161 Ohio St. 247.

The syllabus of *Newman* reads as follows:

"An alimony decree based on an agreement between the parties is not subject to modification by a court after term in the absence of mistake, misrepresentation or fraud and in the absence of a reservation of jurisdiction with reference thereto. (*Law v. Law*, 64 Ohio St. 369, approved and followed.)

In our opinion the "agreement between the parties," referred to in *Law* and *Newman,* contemplates proof of a *contract* between husband and wife, which clearly and irrevocably divides their property and settles once and for all the question of payment of alimony to the wife. Furthermore, in our opinion, the terminology "alimony," within the contemplation of these cases, does not encompass money for the support of a minor child, paid to the wife for such purpose.

In this case, as noted before, the decree of the court was in the form of an *order,* and made no reference to and did not incorporate therein any separation agreement. While, on cross-examination, defendant did testify that he had "agreed" to the $300 as provided in the decree, it would appear from an examination of his entire testimony that he was not testifying as to any formal agreement or contract, but merely testifying that such amount was contemplated by him as being agreeable *at the time,* based upon his 1967 income.

Even if one were to assume that the decree was "in accordance with an agreement of the parties" within the contemplation of *Law* and *Newman,* it is important to note that plaintiff testified that "half" of such money was for the support of the daughter. In *Peters* v. *Peters* (1968), 14 Ohio St. 2d 268, it was held that the jurisdiction of the court with respect to support orders for children continued notwithstanding the absence of any express reservation, and notwithstanding that the amount specified in such decree had been adjudged pursuant to a separation agreement, approved by the court in that decree. *Peters* specifically overruled *Tullis* v. *Tullis* (1941), 138 Ohio St. 187, which had held to the contrary.

*Newman,* decided in 1954, relied on *Law,* decided in 1901. It was subsequent to both cases that the statutes were amended providing that in matters concerning domestic relations "the court shall not be deemed to be deprived of its full equity powers and jurisdiction." *Clark* v. *Clark* (1956), 165 Ohio St. 457.

Thereafter, in *Hunt* v. *Hunt* (1959), 169 Ohio St. 276, the court refused to apply the principles of *Law* and *New-*

*man* to a case where a wife had remarried, even though there had been no reservation of jurisdiction, the decree merely incorporating a separation agreement providing for periodic payments for life, with no provision for termination of payment upon remarriage. While *Hunt*, of course, is distinguishable from the facts in the instant case, it does demonstrate that the holdings of *Law* and *Newman* have definite limitations.

In *Dailey* v. *Dailey* (1960), 171 Ohio St. 133, the court did apply the principles of *Law* and *Newman* to a situation where no children were involved in the decree, and the husband had agreed to pay $25,000 to the wife within 5 days, another $20,000 within approximately 4 months, and then $10,000 per year for 11 consecutive years. The court in *Dailey* distinguished *Hunt* on the grounds that in *Hunt* "the payments were indefiinite" while in *Dailey* the provisions for installment payments were only a "part of an overall property settlement," and that such payment by installment was only "an obvious attempt to avail of such benefits as may have been obtainable under the then existing regulations of the Department of Internal Revenue." An important sentence in the *Per Curiam* opinion in *Dailey* is: "And were we of the opinion that paragraph two of the agreement herein provides for the indefinite payment of alimony without any provisions for termination, a reservation of jurisdiction would be implied in the court to exercise its equitable power to modify after the plaintiff's remarriage."

Since remarriage would be only a *reason* for the exercise of such jurisdiction (a type of change of circumstances), and would not itself *create jurisdiction*, it would appear that *Dailey* inferentially holds that where the decree of alimony, even if predicated upon a separation agreement, is for an "indefinite payment of alimony without any provisions for termination," a reservation of jurisdiction for modification under change of circumstances might well be implied.

This court held in *Clelland* v. *Clelland* (1959), 110 Ohio App. 546, that:

"A Court of Common Pleas retains jurisdiction to

modify or vacate a decree of alimony upon a proper showing of changed condition and circumstances of the parties, where such decree was not for a definite amount payable in instalments or payable only for a limited number of instalments, or was not based upon an agreement of the parties as to a division of property which was affirmed by the court and incorporated into the decree.''

Here the decree was not for a *definite amount*, payable in instalments or payable only for a limited number of instalments. Furthermore it is not shown to have been ''based upon an agreement of the parties as to a division of property which was affirmed by the court and incorporated into the decree.'' Moreover, as noted before, the particular ''alimony'' here involved admittedly included payment for child support and, in accordance with the holding in *Peters*, would be subject to later modification, either by way of increase or decrease.

*Judgment affirmed.*

TROOP, P. J., and STRAUSBAUGH, J., concur.