McClain, Appellant, *v.* McClain, Appellee.

(No. 29857—Decided April 1, 1971.)

*Messrs. Krause, Klein, Fromson & Fuerst,* for appellant.

*Mr. Harvey G. Oliver,* for appellee.

Krenzler, J. The parties to this appeal were married in 1924. In 1947, defendant appellee (hereinafter called appellee) was awarded a divorce on her cross-petition in an action initiated by her husband, plaintiff appellant (hereinafter called appellant). The trial court in its divorce decree approved and adopted a separation agreement between the parties by the terms of which appellant agreed to pay to appellee the sum of $20 per week alimony until she remarried, regardless of the subsequent financial

status of either of the parties. The court did not reserve jurisdiction with respect to alimony.

In 1949, appellant moved for a modification of this decree, which would reduce the amount of the alimony payments. The motion was denied, and the denial was affirmed on appeal. Since 1947, appellee has several times filed motions to show cause why appellant should not be found guilty of contempt of court for failing to pay the $20 per week as ordered.

On September 20, 1967, appellee again filed a motion to show cause, claiming appellant was in default of his alimony payments in the amount of $5,830.25. The cause was submitted to a referee for hearing after which the referee submitted his report to the Court of Common Pleas. The court found an arrearage of $5,830.25 and awarded judgment in favor of appellee for that sum. The court also ordered appellant's employer to withhold from his personal earnings the amount of $20 plus one per cent poundage, and to pay to the court $20 per week under authority of R. C. 3115.23, the garnishment provision.

It is this order from which the subject appeal is taken.

Appellant defends against the motion to show cause by arguing that the court should modify the divorce decree as to alimony because (1) appellee has remarried, and (2) appellant is financially unable to make any contributions to his former wife.

The divorce decree in this case was based on a separation agreement of the parties. In the absence of fraud or mistake, misrepresentation, the remarriage of the appellee, or the court reserving jurisdiction with respect to alimony, the court does not have jurisdiction to modify the divorce decree as to alimony. *Newman* v. *Newman* (1954), 161 Ohio St. 247; *Law* v. *Law* (1901), 64 Ohio St. 369; but, see *Hunt* v. *Hunt* (1959), 169 Ohio St. 276, and *Bulloch* v. *Bulloch* (1969), 21 Ohio App. 2d 76. If appellant is unable to keep up with his payments as he claims, the arrearage will continue to increase indefinitely, and appellee may obtain a judgment for the amount of alimony then due and unpaid. *Smith* v. *Smith* (1959), 168 Ohio St. 447. We find,

therefore, that the trial court had no authority to modify the divorce decree with respect to alimony.

Appellant also contends that the garnishment of his wages by the court below, pursuant to R. C. 3115.23 is erroneous and not authorized by that section. We agree. R. C. 3115.23 provides for garnishment of earnings to enforce a "support order." The several other Code sections referred to in R. C. 3115.23 leave no doubt that it is intended to provide for enforcement of orders for the support of dependents, presumably minor dependents, but not for alimony. Significantly, R. C. 3105.17 and 3105.18, which are specific statutory authority for awards of alimony, are *not* referred to in R. C. 3115.23.

We hold that appellant's wages are not subject to garnishment for the purpose of enforcing a court order to pay alimony of $20 per week, under R. C. 3115.23. To that extent, only, the order appealed from is erroneous and must be reversed and the garnishment order is dissolved and held for naught.

Judgment affirmed in part and reversed in part and this cause is remanded for further proceedings according to law.

*Judgment reversed in part and remanded.*

DAY, C. J., and MANOS, J., concur.