POPOVIC, APPELLANT, *v.* POPOVIC, APPELLEE.

[Cite as Popovic v. Popovic (1975), 45 Ohio App. 2d 57.]

58

(No. 33849—Decided July 31, 1975.)

*Mr. Robert I. Zashin*, for appellant.
*Messrs. Rini & Hecht* and *Mr. Ralph V. Cosiano*, for appellee.

KRENZLER, C. J. This is an appeal from a judgment entry of the Common Pleas Court of Cuyahoga County, Domestic Relations Division, in which the Court held that it did not have authority to modify its journal entry of divorce which awarded permanent alimony to the defendant-appellee pursuant to an agreement entered into by the parties. The relevant facts in this case are as follows.

On April 18, 1969 the plaintiff-appellant Paul R. Popovic, hereinafter referred to as the appellant, filed a petition for divorce and other equitable relief in the Common Pleas Court of Cuyahoga County. On May 5, 1969, the defendant-appellee, hereinafter referred to as the appellee, filed a motion for alimony pending the litigation and was awarded $300 a month as temporary alimony by a court order journalized on June 20, 1969. The appellant objected to this order claiming that it was excessive, and subsequently the trial court reduced the temporary alimony payment to $240 per month.

On June 10, 1969 the appellee filed an answer and cross-petition for alimony only. There were many procedural motions throughout this litigation. However, they are not germane to the issues in this appeal and will not be discussed. They include motions to show cause, motions for protective orders, motions for sanctions, and numerous other motions.

On November 20, 1973 the appellee filed an amended answer and a cross-complaint for divorce and alimony in which she sought a decree of divorce, permanent alimony for her support, equitable division of property, and such other relief as in law and in equity she may be entitled to, including reasonable attorney fees.

The case came on for hearing on the 15th day of November, 1973, upon the appellee's amended cross-complaint, the appellant having withdrawn his petition in open court. The trial court found that the appellant was guilty of gross neglect of duty and that the appellee was entitled to a divorce. The court also found that the parties had entered into an agreement, the pertinent terms of which are as follows:

"(1) Beginning December 1, 1973, and despite any other income which Defendant might have, the Plaintiff shall pay to the Defendant monthly until she dies or remarries a sum equal to 50% of his income computed by determining his gross earnings and adding thereto any pension paid by the government for disability received while serving in the armed forces of the United States and deducting therefrom Federal, state and city taxes; but in no event shall Plaintiff pay less than a minimum of $400 per month nor more than an annual maximum of 50% of $15,000 determined and calculated by application of the above formula.

"(2) The Plaintiff shall furnish to Defendant on or before April 15 of each year, a certified copy of his income tax return for the preceding calendar year and if the same discloses that for the preceding calendar year Plaintiff has not paid the full amount due Defendant the deficiency shall be paid forthwith."

The court found that this agreement was fair, just and equitable, adopted the same as an order of the court, and ordered the terms thereof into execution. This journal entry, filed with the clerk of courts on November 26, 1973, was signed by both the appellant and the appellee, their respective attorneys, the trial referee, and the trial judge. The foregoing are the only portions of the journal entry that are relevant to this appeal.

On May 24, 1974 the appellant filed a motion to vacate, or in the alternative to modify the judgment which was filed on November 26, 1973. The appellant alleged that there were changed circumstances and conditions making the journal entry untenable and unconscionable, and therefore that the court should modify this entry to conform to the appellant's present ability to pay. The appellant filed a brief in support of his motion to vacate or modify the judgment. In the brief the appellant contended that there is an important distinction between an agreement for the distribution of property and an agreement as to alimony payments over an indeterminable period. The appellant contended that a provision for alimony in a journal entry for an indefinite amount for an indefinite period of time clearly gives the trial court continuing jurisdiction to modify or vacate the entry due to a change of circumstances for the reason that this is an agreement to pay alimony rather than a part of an overall property settlement. The appellant contended further that even though the trial court did not expressly reserve jurisdiction there is an implied reservation of jurisdiction for modification of the alimony decree due to a change of circumstances.

The appellant also argued that the agreement entered into between the parties here was not in the nature of a binding, pre-existing contract incorporated into a decree and that therefore the court could modify its own decree. Further, the appellant argued that even if there were a formal agreement incorporated into the decree the court impliedly reserved the power to modify the terms of the decree upon a showing of changed circumstances.

The appellee filed a brief in opposition to the motion to vacate or modify judgment contending that the journal entry of November 26, 1973 was based upon an agreement of the parties which the trial court found was fair and equitable and therefore had incorporated into its decree. The appellee contended that the law of Ohio is clear that when parties have entered into an agreement for alimony, which is incorporated into a divorce decree, such decree is not subject to modification in the absence of fraud, misrepresentation or mistake.

On June 18, 1974 the parties presented evidence in open court in regard to the motion to vacate or modify the judgment. By entry filed with the clerk on July 5, 1974, the trial court denied the motion to vacate and also held that it was without authority to modify the agreement entered into by the parties and recited in its judgment entry, citing *Newman* v. *Newman* (1954), 161 Ohio St. 247.

On July 10, 1974, the appellant filed his notice of appeal. He presents two assignments of error as follows:

I. The court erred when it found that there was a pre-existing agreement or contract between the parties hereto which was incorporated into the terms of its Divorce Decree entered in this case.

II. Even should the Court of Appeals affirm the Court of Domestic Relations finding of an in-court agreement, the lower court erred in its ruling that it was without authority to modify its own decree awarding alimony to the defendant-appellee, the payment of which is to continue over an indefinite period of time.

In this case the appellant argues that because the award of alimony was for an indefinite amount and for an indeterminate period it is implicit that the parties contemplated a change of circumstances. He therefore contends that continuing jurisdiction was implied and that it was not necessary to add a provision concerning it to the decree.

The appellee takes the traditional view that since there was an agreement providing for periodic alimony payments and the agreement was incorporated in the journal entry after the trial court found that it was fair, just and equitable, that consequently the trial court does not have jurisdiction to modify the alimony award for change of circumstances without an express provision in the journal entry that the court was continuing its jurisdiction.

The first assignment of error is not well taken. The appellant contends that the trial court committed error when it found that there was a pre-existing agreement or contract between the parties which was incorporated into the terms of the divorce decree.

The judgment of the trial court clearly states that

the court found that the parties entered into an agreement and that said agreement was fair, just and equitable. The court adopted the agreement as an order of the court and ordered the terms thereof into execution. Further, the transcript of testimony reveals that there was an agreement entered into by and between the parties as recited by the trial court in its journal entry.

It is not necessary that this agreement be an executed written separation agreement entered into prior to the hearing on the merits of the divorce case. It is sufficient that the agreement is either written or oral and entered into prior to or at the time of the divorce trial or hearing. *Robrock* v. *Robrock* (1958), 167 Ohio St. 479, 479-480; *Mozden* v. *Mozden* (1954), 162 Ohio St. 169.

For the above reasons, the first assignment of error is not well taken.

The second assignment of error deals with the principal issue in this case. This issue is whether a trial court has continuing jurisdiction to modify an award for periodic alimony payments because of changed circumstances when such an award was made pursuant to an agreement between the parties which was incorporated into the decree of divorce but the trial court did not reserve continuing jurisdiction in regard to the subject of permanent alimony.

In order to resolve this issue, it is necessary to understand certain fundamental legal issues regarding divorce, division of property, alimony, separation agreements, finality of judgments, and exceptions to the rule of finality of judgments. The common pleas courts of the state have authority and jurisdiction to grant divorces, make divisions of property, award permanent alimony, award custody and order the support of children. R. C. 3105.01, R. C. 3105.18, R. C. 3105.21, R. C. 3109.05. Normally defined, alimony is the payment by one party to the other party in order to discharge the obligation to maintain or support. Alimony may be on a temporary basis during the pendency of an action, or it may be on a permanent basis and determined and awarded when a case is completed.

Since the principal issue in this case deals with permanent alimony, we will limit our discussion to this type alone. R. C. 3105.18 provides that a court of common pleas may allow alimony to either party in real or personal property, or both, or by decreeing a sum of money payable either in gross or by installments, as the court deems equitable. The foregoing language contained in R. C. 3105.18 is broad enough to include both an award for alimony and a division of property. See *Durham* v. *Durham* (1922), 104 Ohio St. 7, 11.

In enacting R. C. 3105.18 the Legislature has given the court wide latitude and discretion in the allowance of what the statute terms alimony. The court is permitted to award alimony out of the real or personal property of the parties based not only upon the requirements of support and maintenance, *Durham* v. *Durham, supra,* but also with regard to all relevant factors, including eleven factors, specifically enumerated in the statute, ranging from the relative earning abilities of the parties to the contribution of a spouse as a homemaker. (R. C. 3105 18 as amended effective September 23, 1974.) The award whether denominated alimony or division of property is classified as alimony under R. C. 3105.18. *Desjardins* v. *Desjardins* (E. D. Ky. 1961), 193 F. Supp. 210; *Durham* v. *Durham, supra; Petransky* v. *Repository Printing Co.* (1935), 20 Ohio Law Abs. 491, 493-494.

Permanent alimony may be awarded in lump sum with the entire obligation being discharged either by specific property or by a lump sum cash payment. Permanent alimony may also consist of a fixed or definite amount payable in a limited or a stated number of installments. Further, permanent alimony may be for an indefinite amount to be paid in periodic payments. This can occur in one of three ways: (1) unspecified amounts for unspecified periods; (2) unspecified amounts for specified periods; and (3) specified amounts for unspecified periods.

In a divorce case, a common pleas court may render its judgment after hearing all of the evidence. However, if the parties have entered into an agreement and the court

finds that the agreement is fair, just and equitable the court may incorporate the agreement into its journal entry and make it a part thereof. Under such circumstances the agreement is merged into the journal entry. The journal entry supersedes the agreement. *Robrock* v. *Robrock, supra; Holloway* v. *Holloway* (1935), 130 Ohio St. 214, 217.

In order to provide stability the law looks with favor on the principle of "finality of judgments." The reason for this principle is that persons must be able to rely on court rulings. If courts had continuing jurisdiction to modify all decrees, there would be confusion and uncertainty.

This rule of finality of judgments is especially applicable to divorce judgments where there is an agreement which is incorporated into the journal entry of the trial court and where the trial court has not reserved jurisdiction to modify. The reason that such a decree is final and the court does not have continuing jurisdiction to modify it is that the parties voluntarily entered into a legally binding and enforceable contract. When parties enter into an agreement and it is submitted to the court, approved, and incorporated into a divorce decree, justice requires that the agreement be binding upon both parties. *Newman* v. *Newman* (1954), 161 Ohio St. 247. This rule applies whether the agreement is written or parol. *Mozden* v. *Mozden* (1954), 162 Ohio St. 169; *Law* v. *Law* (1901), 64 Ohio St. 369.

There is an exception to the finality of judgments principle with reference to the payment of alimony. This exception applies only when there is a court order for periodic alimony payments and when the award for such alimony provides for an unspecified or an indefinite total amount and there is no reservation of continuing jurisdiction because of changed circumstances. It does not apply, as previously stated, when there is an agreement incorporated into the journal entry, when there is a division of property or a property settlement, or when the provision for permanent alimony is in a lump sum or a stated amount in stated installments. The foregoing exception is not based

on constitutional or statutory grounds but on public policy grounds as set forth by the courts. Courts have held that when there is an award for permanent alimony for an unspecified or indefinite total amount and/or no termination date, it is implied that the courts will have continuing jurisdiction to modify their orders for permanent alimony because of changed circumstances. See *Dailey* v. *Dailey* (1960), 171 Ohio St. 133; *Mozden* v. *Mozden* (1954), 162 Ohio St. 169; *Newman* v. *Newman* (1954), 161 Ohio St. 247; *State, ex rel. Crawford, Exr.,* v. *Industrial Commission* (1924), 110 Ohio St. 271; *Smedley* v. *State* (1916), 95 Ohio St. 141; *Law* v. *Law* (1901), 64 Ohio St. 369; *Olney* v. *Watts* (1885), 43 Ohio St. 499; *McClain* v. *McClain* (1971), 26 Ohio App. 2d 10; *Bulloch* v. *Bulloch* (1969), 21 Ohio App. 2d 76; *Clelland* v. *Clelland* (1959), 110 Ohio App. 546; *McGhee* v. *McGhee* (1957), 105 Ohio App. 433; *Hall* v. *Hall* (1956), 101 Ohio App. 237; *Nash* v. *Nash* (1945), 77 Ohio App. 155; *Braund* v. *Braund* (1962), 89 Ohio Law Abs. 365; *Aultman* v. *Aultman* (1960), 83 Ohio Law Abs. 543.

In 1959, the Ohio Supreme Court held that there is an exception to the rule that an award for alimony will not be modified if there is an agreement between the parties which is incorporated in the decree and there is no reservation of jurisdiction to modify. The exception applies when there is an award to the wife of permanent alimony of an indefinite amount with no fixed termination date and she subsequently remarries. It has been held that under such circumstances the reservation of jurisdiction by the trial court is implied and the equitable power of the court may be used to modify its order. *Hunt* v. *Hunt* (1959), 169 Ohio St. 276.[1] The court held in *Hunt* v. *Hunt, supra,* that it was obnoxious to have a wife supported by two husbands and so her remarriage was grounds for terminating the award of indefinite alimony with no fixed termination date. The court based its decision on public policy and

---

[1] See *Dailey* v. *Dailey* (1960), 171 Ohio St. 133, discussed later in this opinion, which affirmed the principle of *Hunt* as stated above but did not extend the principle to cases in which there is a property settlement in which the property rights of the wife become vested.

held that the wife had elected to be supported by her new husband and had voluntarily abandoned her right to alimony from the ex-husband. The Supreme Court stated that the purpose of alimony was to support the wife and that she had her choice of being supported by either the first or second husband.

It is now well settled that there is a distinction in the judicial treatment of permanent alimony awards, relating to the court's continuing jurisdiction over them, between cases where the award is based on an agreement, which is incorporated into the journal entry, and cases where the award is judicially determined without reference to an agreement between the parties.

If there is an agreement incorporated into the journal entry the trial court does not have authority to modify permanent alimony awarded unless there is a reservation of jurisdiction by the court. If there is no agreement, and the trial court makes an award of permanent alimony in an unspecified or indefinite total amount, the court does have continuing jurisdiction to modify the alimony award even though there is no specific reservation of jurisdiction in the journal entry.

It is this distinction that the appellant is seeking to eliminate. He is in effect arguing that a court speaks through its journal entry, and that since the agreement is merged into the journal entry and the journal entry supersedes the agreement, there is no valid reason to distinguish between similar awards for permanent alimony when deciding whether or not the trial court has continuing jurisdiction. He is in effect contending that if the trial court can modify its journal entry for indefinite awards of permanent alimony when there is no agreement, it should be permitted to do when there is an agreement.

This argument has much appeal and is very persuasive because it is difficult to understand why similar awards of permanent alimony for an indefinite amount and an indeterminate period of time pursuant to court decrees should be treated differently. Especially since it would appear that such orders contemplate change. However, if the appellant's argument were to be adopted it

would eliminate the only distinction between alimony awards based on agreements incorporated into court orders and alimony awards based upon court orders alone, and thus would require continuing jurisdiction in all cases. The Ohio Supreme Court has repeatedly declared that there is a distinction between alimony awards based on agreements and alimony awards not based on agreements. We as an intermediate appellate court have no authority to change the law and eliminate this distinction. We might caution parties to divorce proceedings that so long as this distinction does exist they should be forewarned before entering into agreements for permanent alimony of indefinite amounts for indeterminate periods that courts will not have continuing jurisdiction to modify decrees unless there is an express reservation of jurisdiction.

It is especially noted that the appellant attempts to rely on *Dailey* v. *Dailey, supra,* and *Hunt* v. *Hunt, supra,* and on the dictum in *Bulloch* v. *Bulloch, supra.*

In *Hunt* there was an agreement between the parties providing for permanent alimony to be paid by the husband to the wife in a fixed amount per month, which the court did not consider a property settlement. There was no provision for termination of this permanent award of alimony nor was there a reservation of jurisdiction by the court. But, in *Hunt,* the wife remarried another man capable of supporting her. The Ohio Supreme Court held that this constituted an election on her part to be supported by her new husband and an abandonment of the provision for permanent alimony from her divorced husband. The court further stated that it is contrary to good public policy to require a former husband to continue to make such alimony payments and that reservation of jurisdiction in the trial court is implied.

In *Dailey* v. *Dailey, supra,* there was also a written agreement, which provided, among other things, that the husband would pay the wife $10,000 per year for eleven consecutive years, and that in the event of his death prior to the making of all payments the unpaid amounts remaining would be a charge against his estate. The wife remarried six years after the divorce decree and the husband refused to make any more payments. The Ohio Supreme Court held

that the award of permanent alimony was part of an over-all property settlement between the parties and thus that the trial court did not have continuing jurisdiction to modify. The Supreme Court in *Dailey* did not state that if there had been an award of indefinite permanent alimony with no fixed termination date and the parties had entered into an agreement which was incorporated into the journal entry, that the court would have had continuing jurisdiction to modify. In *Dailey* the Supreme Court merely re-affirmed its decision in *Hunt*, which linked together the indefinite payment of alimony without a provision for term-ination and a wife's remarriage.

The appellant attempts to draw the conclusion from the distinguishing facts in *Hunt* and *Dailey*, that if there is an agreement for permanent alimony that is indefinite with no fixed termination date, the court has impliedly reserved jurisdiction to modify. The Supreme Court in *Dailey* did not say this. It was the remarriage of the wife linked to and coupled with the indefinite award of alimony with no fixed termination date that gave the trial court jur-isdiction in *Hunt*. The reason that the trial court did not have continuing jurisdiction in *Dailey* was that there was a property settlement which in effect vested the wife's right to the permanent alimony. Thus, the court did not have continuing jurisdiction to modify.

In *Bulloch* v. *Bulloch, supra,* the Franklin County Court of Appeals did not hold that if there is an agreement incorporated into the journal entry which provides for an indefinite payment of alimony without any provision for termination, a reservation of jurisdiction for modification under change of circumstances *is* implied.[2] Further, the

---

[2]In *Bulloch* the court stated at page 79:

"Since remarriage would be only a reason for the exercise of such jurisdiction . . ., and would not itself create jurisdiction, *it would ap-pear* that *Dailey inferentially holds* that where the decree of alimony, even if predicated upon a separation agreement, is for an indefinite pay-ment of alimony without any provision for termination, a reservation of jurisdiction for modification under change of circumstances *might well be implied*." (Emphasis supplied.)

*Bulloch* case is distinguishable from the instant case in that in *Bulloch* the decree was not based upon an agreement of the parties.

After carefully reviewing *Dailey, Hunt* and *Bulloch*, we conclude that there is nothing stated in those cases which specifically supports the argument of the appellant. Until the Supreme Court of Ohio modifies or changes its position in regard to the continuing jurisdiction of a trial court to modify a decree of alimony under facts similar to those in the instant case, we must affirm the judgment of the trial court here.

*Judgment affirmed.*

DAY and CORRIGAN, JJ., concur.