WHITMORE, APPELLANT, *v.* WHITMORE, APPELLEE.

(No. 1412—Decided January 14, 1976.)

*Mr. F. Emerson Logee*, for appellant.
*Mr. Stephen J. Brown*, for appellee.

MAHONEY, J.  This is an appeal from an order of the Court of Common Pleas under R. C. 3115.23, granting a withholding of plaintiff Whitmore's wages at his place of employment to apply to the payment of an alleged support arrearage of $2,175. We reverse the judgment of the trial court.

The arrearage was actually monthly alimony accrued from a separation agreement incorporated into the court's divorce decree.

Plaintiff claims error as follows:

"1. The court erred in its order for withholding wages by finding that payments were due for 'support' when the original decree of divorce provided only for 'alimony' payments; and the order itself is void because it fails to allow for exemptions under Ohio Wage Attachment Law.

"2. The court had no power to issue its order for withholding wages to pay alimony under the provision of 3115.-23 O. R. C., which was the authority cited in the order."

We overrule the first assignment and sustain the second. R. C. 3115.23, by its language, has application only

to support orders arising out of actions under the various statutes set forth in R. C. 3115.23. It does not mention R. C. 3105.17 and R. C. 3105.18, which are the specific statutory authorities for awards of alimony. The thrust of R. C. 3115.23 is for the support of minor dependents rather than a divorced spouse. *McClain* v. *McClain* (1971), 26 Ohio App. 2d 10.

We reverse the judgment of the trial court and dissolve the order of wage attachment.

*Judgment reversed.*

VICTOR, P. J., concurs.

BRENNEMAN, J., not participating.