OPINION
Appellant Jeanette M. Grinder appeals the decision of the Stark County Court of Common Pleas, Family Court Division, which, several months following her divorce decree, formulated a mortgage reimbursement provision regarding the parties' former marital residence. The appellee is Dennis W. Grinder, appellant's former spouse. The relevant facts leading to this appeal are as follows.
On June 2, 2000, appellee filed a complaint for divorce in the Stark County Family Court. A magistrate rendered temporary orders on June 20, 2000. On March 8, 2001, following a contested hearing, the court issued a judgment entry granting appellant and appellee a divorce. The final decree found and ordered as follows regarding the marital residence:
Real Estate
 Located at 14533 Ravenna Avenue, N.E., Alliance, Ohio 44601, with a fair market value of $130,000. The balance owing on the first mortgage is $96,294.40, and the balance owing on the home equity loan is $12,536.57. The monthly payments total $1,100.
* * *
Home
 4. Marital residence is ORDERED sold. After satisfaction of the outstanding mortgages, taxes, liens and costs of sale, the proceeds are to be divided equally. From the Wife's share, $6,309.25 is to be paid to the Husband (Conclusions of Law #2).
Judgement Entry in Divorce at 3, 6.
Additionally, the decree incorporated an exhibit entitled "Property Distribution Exhibit." This exhibit again stated the house's fair market value and the mortgage balance total, but merely indicated that the property was "to be sold." However, nowhere does the judgment entry granting divorce direct responsibility for monthly payment of the mortgages pending sale, even though the earlier temporary orders had required appellant and appellee to each pay one-half.
Appellee continued living in the marital residence pending its sale. On August 9, 2001, appellee filed a contempt action against appellant, alleging non-payment of one-half of the mortgage payments and violation of the parties' shared parenting plan. On September 24, 2001, the court issued a judgment entry regarding the contempt issues. The court therein found appellant not guilty of violating shared parenting orders, and further ordered in pertinent part as follows:
 1. The effect of the "merger" clause in the final entry is to terminate all prior orders and replace them with the orders contained in the final Judgment Entry filed on March 8, 2001. Accordingly, the Defendant is found not guilty of contempt in that no orders exist which require her to contribute to one-half of these debts.
 2. Upon sale of the marital residence, the party who has paid the mortgage and second mortgage subsequent to March 8, 2001, shall be entitled to be reimbursed for these expenses from the proceeds of sale prior to those funds being equally divided under the terms of the final entry. * * *
Appellant timely filed a notice of appeal therefrom and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN THE ISSUANCE OF AN ORDER ON SEPTEMBER 24, 2001, MODIFYING THE PROPERTY DIVISION SET FORTH IN THE JUDGMENT ENTRY OF DIVORCE AND ORDERING REIMBURSEMENT OF MONIES PAID BY A PARTY SUBSEQUENT TO MARCH 8, 2001, IN PAYMENT OF THE FIRST AND SECOND MORTGAGES.
 I
In her sole Assignment of Error, appellant argues that the trial court erred in issuing a post-decree modification of the parties' marital property division. We agree.
It is well established that a trial court has no authority to reopen an earlier property division order where no appeal was taken from the prior decree and the time to appeal has run. Bean v. Bean (1983),14 Ohio App.3d 358. "In order to provide stability, the law looked with favor on the principle of `finality of judgments.' The reason for this principle is that persons must be able to rely on court rulings. If courts had continuing jurisdiction to modify all decrees, there would be confusion and uncertainty." Bean at 361, quoting Popovic v. Popovic
(1975), 45 Ohio App.2d 57, 64. Nonetheless, while a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment. Gordon v. Gordon (2001), 144 Ohio App.3d 21, 24, citing R.C.3105.171(I); Wolfe v. Wolfe (1976), 46 Ohio St.2d 399; Redding v.Redding (Dec. 20, 1999), Clinton App. No. CA99-06-015, unreported.
The trial court correctly found its entry of September 20, 2001, that the magistrate's temporary order for appellant to contribute one-half of the mortgage payments had merged into the final decree, which was silent on the issue. See, e.g., Colom v. Colom (1979), 58 Ohio St.2d 245. However, we hold that the court's attempt to revive that temporary provision was more than an attempt to clarify or construe terms of the decree in order to effectuate judgment. Instead, the additional language will almost certainly result in a new diminution of appellant's share of the proceeds of the sale of the marital residence, and must therefore be viewed as a modification of the overall division of marital property as originally decreed.
We further note appellee has not filed a brief opposing this appeal. Appellate Rule 18(C) states in pertinent part: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain the action." As urged by appellant, upon review of the temporary orders and final decree, we find reversal of the reimbursement provision is warranted based on the trial court's erroneous exercise of jurisdiction.
Appellant's sole Assignment of Error is sustained.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby reversed in part, and paragraph two of the court's order therein is hereby vacated. The court's decisions regarding the contempt allegations are affirmed.
By: WISE, J., FARMER, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed in part, reversed in part, and vacated in part.
Costs are to be split evenly between appellant and appellee.